E-FILED
Thursday, 25 May, 2017 10:18:22 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MR. WILLIE CLAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 17-CV-4108 |
| | ) | |
| MR. SLOAN AND MR. UNDERWOOD, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW OPINION**

Plaintiff filed this case pro se from Hill Correctional Center. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.[1] This statute requires the Court to review a complaint filed by a prisoner to identify the cognizable claims and to dismiss part or all of the complaint if no claim is stated.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However,

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis (without prepaying the filing fee in full) unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff refers the reader to the grievance attached to his complaint to explain his allegations. This grievance recounts the following interaction Plaintiff had with Defendants Sloan and Underwood on July 26, 2016:[2]

> I was coming from personal property. I was passing three inmates and a food supervisor Sloan. One of the inmates made a gay joke about me having on some tight jeans. I told him not to play with [illegible] orderly fashion. However the food supervisor thought the comment was funny. So I walk off from them, as I was walking the food supervisor Sloan started calling me back, and I refused to walk back to be taunted by the food supervisor Sloan so Officer Underwood approached food supervisor Sloan and asked him what the problem. That's where I became all kinds of black motherfucker stupid ass people. Dumb motherfucker, and food supervisor Sloan told Underwood I told the dumb ass fag to come back and he did not. Food supervisor Sloan told Underwood the fucker looks gay in those jeans. Everything should be on tape. July 26, 2016 this is a sexual offense. After all this was over he told me to look into his eyes. I refused to do so then he took my I.D. and told me you're zipper's down asshole. This happened in front of chow hall and in front of the commissary around 9:30 a.m.

---

[2] Spelling corrected.

(Pl.'s 7/26/16 grievance, d/e 1, p. 11.) According to the grievance response, an investigation was conducted and the grievance was denied because Plaintiff's allegations could not be substantiated. The grievance response states that food supervisor Sloan denied Plaintiff's allegations and told investigators that he had tried to call Plaintiff back only to tell Plaintiff that his zipper was broken.

      The Court accepts Plaintiff's version of events for purpose of this order, but, even doing so, Plaintiff's current allegations do not state a plausible federal claim for relief. "[M]ost verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment." Beal v. Foster, 803 F.3d 356, 358 (7th Cir. 2015). There are cases in which verbal harassment is actionable, but typically the verbal harassment occurs on more than one occasion and amounts to intimidation or threats. For example, in Beal, the plaintiff alleged that a guard made sexual comments toward the plaintiff, telling plaintiff to "place his penis" inside another inmate and that if the plaintiff placed his penis inside another inmate's mouth that would make the inmate smile. 803 F.3d at 358. The defendant in Beal also allegedly showed his "own

penis in repeated public urinations." Id. Other inmates allegedly called the plaintiff in Beal "'punk, fag, sissy, and queer[,] . . . possibly inspired or encouraged by [the defendant's] comments.'" The plaintiff in Beal claimed severe psychological harm.

Here, Plaintiff's allegations involve one isolated interaction which occurred over eight months ago, not the kind of repeated and intimidating or threatening harassment alleged in Beal. On the current allegations, no plausible inference arises from this single interaction that Plaintiff was harmed or subjected to an increased risk of harm. Further, Plaintiff's grievance was taken seriously and an investigation was conducted. *Compare with* Hughes v. Scott, 816 F.3d 955, 956 (7th Cir. 2016)(civil detainee stated claim based on name-calling, veiled threat that his life "would go better if he stopped complaining," and refusal to answer his grievances).

**IT IS ORDERED:**

1) Plaintiff's complaint is dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915A.

2) Plaintiff may file an amended complaint by June 19, 2017. If Plaintiff does not file an amended complaint or Plaintiff's

amended complaint still fails to state a claim, then this action will be dismissed for failure to state a claim and a strike will be assessed against Plaintiff pursuant to 28 U.S.C. 1915(g). If Plaintiff files an amended complaint, the amended complaint will replace the original complaint. Piecemeal amendments are not permitted. Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.

ENTERED: May 25, 2017

FOR THE COURT:

                                 **s/Sue E. Myerscough**
                                SUE E. MYERSCOUGH
                     UNITED STATES DISTRICT JUDGE