UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MR. WILLIE CLAY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) 17-CV-4108<br>) |
| MR. SLOAN AND<br>MR. UNDERWOOD,<br>et al. | )<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

**SECOND MERIT REVIEW OPINION**

On May 25, 2017, the Court dismissed Plaintiff's complaint for failure to state a claim, with leave to file an amended complaint. Plaintiff's allegations in his original complaint were as follows:

> I was coming from personal property. I was passing three inmates and a food supervisor Sloan. One of the inmates made a gay joke about me having on some tight jeans. I told him not to play with [illegible] orderly fashion. However the food supervisor thought the comment was funny. So I walk off from them, as I was walking the food supervisor Sloan started calling me back, and I refused to walk back to be taunted by the food supervisor Sloan so Officer Underwood approached food supervisor Sloan and asked him what the problem. That's where I became all kinds of black motherfucker stupid ass people. Dumb motherfucker, and food supervisor Sloan told Underwood I told the dumb ass fag

> to come back and he did not. Food supervisor Sloan told Underwood the fucker looks gay in those jeans. Everything should be on tape. July 26, 2016 this is a sexual offense. After all this was over he told me to look into his eyes. I refused to do so then he took my I.D. and told me you're zipper's down asshole. This happened in front of chow hall and in front of the commissary around 9:30 a.m.

(Pl.'s 7/26/16 grievance, d/e 1, p. 11.) As the Court stated in its prior order, according to the grievance response, an investigation was conducted and the grievance was denied because Plaintiff's allegations could not be substantiated. The grievance response states that food supervisor Sloan denied Plaintiff's allegations and told investigators that he had tried to call Plaintiff back only to tell Plaintiff that his zipper was broken.

The Court dismissed Plaintiff's complaint for failure to state a claim because Plaintiff was complaining about one isolated incident of harassment, citing Beal, which stated that "most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment." Beal v. Foster, 803 F.3d 356, 358 (7th Cir. 2015). The Court noted that the cases in which verbal harassment in prison is actionable typically occurred on more than one occasion and amounted to intimidation or threats. For

example, in Beal, the plaintiff alleged that a guard made sexual comments toward the plaintiff, telling plaintiff to "place his penis" inside another inmate and that if the plaintiff placed his penis inside another inmate's mouth that would make the inmate smile. 803 F.3d at 358. The defendant in Beal also allegedly showed his "own penis in repeated public urinations." Id. Other inmates allegedly called the plaintiff in Beal "'punk, fag, sissy, and queer[,] . . . possibly inspired or encouraged by [the defendant's] comments.'" *See also* Hughes v. Farris, 809 F.3d 330 (7th Cir. 2015)(allegations stated constitutional claim where civil detainee's supervisor called Plaintiff "'sissy, faggot, bitch, whore, slut . . .'" and "'encourage[d] other residents to take reprisals against the plaintiff because he is gay[,]'" including ramming a broom up the plaintiff's rectum).

The Court noted in its prior order that no plausible inference arose from this single isolated interaction that Plaintiff was harmed or subjected to an increased risk of harm. The Court also noted that, according to the grievance response, Plaintiff's grievance was taken seriously and an investigation was conducted. *Compare with* Hughes v. Scott, 816 F.3d 955, 956 (7th Cir. 2016)(civil detainee stated claim based on name-calling, veiled threat that his life

"would go better if he stopped complaining," and refusal to answer his grievances).

Plaintiff has filed an amended complaint, but he adds no substantive factual allegations. Plaintiff alleges that he was wondering how he would protect himself if Defendant Sloan tried to touch him, but no plausible inference arises that Defendant Sloan's alleged racial and homosexual remarks on this one occasion put Plaintiff at a risk of harm. Plaintiff also alleges that he had no zipper, which purportedly shows that Defendant Sloan was lying, but the Court has already assumed that Plaintiff's version of events is true. Plaintiff argues that whether the incident was isolated should not matter, but it does matter for the constitutional analysis. *See* Beal, 803 F.3d at 358 (simple (nonactionable) harassment "is 'fleeting,' too limited to have an impact."); DeWalt v. Carter, 224 F.3d 607 (7th Cir. 2000)(officer's "sexually suggestive and racially derogatory comments" to prisoner on one day did not state constitutional claim, nor did prison administrator's use of racial derogatory terms on another day). Here, Plaintiff's allegations involve one interaction, not the kind of repeated and intimidating or threatening harassment alleged in Beal or the Hughes cases. In

sum, the Court certainly does not condone the alleged behavior of Defendant Sloan, but that behavior is just not severe enough to rise to a constitutional violation.

Plaintiff also alleges that he fears that Defendant Underwood might try to do an unprofessional search of Plaintiff, but Plaintiff is no longer in the Hill Correctional Center. In any event, no plausible inference arises that Plaintiff has any reason to fear Defendant Underwood simply because Underwood did not "do his job" by reporting the incident.

**IT IS ORDERED:**

1) Plaintiff's amended complaint is dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915A. Further attempts at amendment would be futile because Plaintiff has already described all the facts that he believes give rise to a constitutional claim, but those facts do not give rise to a constitutional claim.

2) Plaintiff's motion for counsel is denied as moot (d/e 5) and also because he has not explained what efforts he made to obtain an attorney on his own.

3) Plaintiff's motion to correct the deductions from his account is denied (d/e 8), with leave to renew attaching his relevant trust fund ledgers and circling the alleged improper deductions.

4) This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g).

5) Plaintiff must still pay the full filing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

6) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal. He may also incur another strike if his appeal is dismissed for failure to state a claim.

7) The clerk is directed to record Plaintiff's strike in the three-strike log.

7) The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58 and to close this case.

ENTERED: July 11, 2017

FOR THE COURT:

**s/Sue E. Myerscough**
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
